UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

            v.

CSIR GROUP, LLC,
CHRISTINE PETRAGLIA,
HERINA AYOT,
THOMAS MEYER and
JOHN MYLANT,

                         Defendants.

Case No. 17-cv-2541
(VM)(HBP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/17

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT THOMAS MEYER

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Thomas Meyer ("Meyer") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

### I.

### PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT

Meyer is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to employ any device, scheme, or

artifice to defraud; (ii) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (i) Meyer's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Meyer or with anyone described in (i).

## II.

## PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT

Meyer is permanently restrained and enjoined from violating Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (i) Meyer's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Meyer or with anyone described in (i).

## III.

## PERMANENT INJUNCTION AS TO
## SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

Meyer is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (i) to employ any device, scheme, or artifice to defraud; (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (i) Meyer's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Meyer or with anyone described in (i).

## IV.

## DISGORGEMENT AND CIVIL PENALTY

Meyer shall pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission; and that prejudgment interest shall be calculated from March 3, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), is appropriate and, if

3

so, the amount of the penalty. In connection with the Commission's motion for disgorgement and/or a civil penalty, and at any hearing held on such a motion: (i) Meyer will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (ii) Meyer may not challenge the validity of the Consent or this Judgment; (iii) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (iv) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

V.

## INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Meyer shall comply with all of the undertakings and agreements set forth therein.

VI.

## BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Meyer, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Meyer under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Meyer of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of Meyer for the purposes of enforcing the terms of this Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: New York, New York
15 June , 2017

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record via CM-ECF