UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/18
```

SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

v.

CSIR GROUP, LLC,
CHRISTINE PETRAGLIA,
HERINA AYOT,
THOMAS MEYER and
JOHN MYLANT,

         Defendants.

Case No. 17-cv-2541
(VM)(HBP)

## FINAL JUDGMENT AS TO DEFENDANT CSIR GROUP, LLC

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant CSIR Group, LLC ("CSIR") having entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

I.

### PERMANENT INJUNCTION AS TO SECTION 10(b) OF THE EXCHANGE ACT

CSIR is permanently restrained and enjoined from violating, directly or indirectly, including through or by means of any other person, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instruments of transportation or communication in interstate commerce, or using the mails or any facility of any national securities exchange,

directly or indirectly, in connection with the purchase or sale of any security: (a) to employ any device, scheme or artifice to defraud; (b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) CSIR's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with CSIR or with anyone described in (i).

## II.

## PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT

CSIR is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security, by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly: (a) to employ any device, scheme or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) CSIR's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with CSIR or with anyone described in (i).

## III.

### PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT

CSIR is permanently restrained and enjoined from violating, directly or indirectly, Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by using any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) CSIR's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with CSIR or with anyone described in (i).

## IV.

### DISGORGEMENT AND CIVIL PENALTY

CSIR is liable, jointly and severally with Defendant Christine Petraglia, for disgorgement of $8,571, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,152.64. CSIR is further liable for a civil penalty in the amount of $8,571 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). CSIR shall satisfy these obligations by paying $18,294.64 to the Commission within 14 days after entry of this Final Judgment.

CSIR may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. CSIR also may pay by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission", which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) referencing CSIR as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

CSIR shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, CSIR relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to CSIR. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

CSIR shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

## PENNY STOCK BAR

CSIR is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Exchange Act Rule 3a51-1, 17 C.F.R.§ 240.3a51-1.

## VI.

## INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and CSIR shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of CSIR for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
15 March 2018

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record via CM-ECF

5