```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                                                Plaintiff,

                           v.

CSIR GROUP, LLC,
CHRISTINE PETRAGLIA,
HERINA AYOT,
THOMAS MEYER and
JOHN MYLANT,

                                               Defendants.

Case No. 17-cv-2541
(VM)(HBP)

---

## **FINAL JUDGMENT AS TO DEFENDANT CHRISTINE PETRAGLIA**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Christine Petraglia ("Petraglia") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

### I.

### **PERMANENT INJUNCTION AS TO SECTION 17(a)(3) OF THE SECURITIES ACT**

Petraglia is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security, by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly, to engage in

any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Petraglia's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Petraglia or with anyone described in (i).

## II.

### PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT

Petraglia is permanently restrained and enjoined from violating, directly or indirectly, Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Petraglia's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Petraglia or with anyone described in (i).

## III.

### DISGORGEMENT AND CIVIL PENALTY

Petraglia is liable, jointly and severally with Defendant CSIR Group, LLC, for disgorgement of $8,571, representing profits gained as a result of the conduct alleged in the

Complaint, together with prejudgment interest thereon in the amount of $1,152.64. Petraglia is further liable for a civil penalty in the amount of $8,571 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Petraglia shall satisfy these obligations by paying $18,294.64 to the Commission within 14 days after entry of this Final Judgment.

Petraglia may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Petraglia also may pay by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission", which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) referencing Petraglia as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Petraglia shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Petraglia relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

Petraglia shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

### 3-YEAR PENNY STOCK BAR

Petraglia is barred, for a period of three years from the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 77q(a)(3).

## V.

### INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Petraglia shall comply with all of the undertakings and agreements set forth therein.

## VI.

### BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Petraglia, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Petraglia under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Petraglia of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

### RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of Petraglia for the purposes of enforcing the terms of this Final Judgment.

## VIII.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
15 March 2018

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record via CM-ECF