UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____3_____
DATE FILED:___3/15/18___
```

SECURITIES AND EXCHANGE COMMISSION,

                                 Plaintiff,

                       v.

CSIR GROUP, LLC,
CHRISTINE PETRAGLIA,
HERINA AYOT,
THOMAS MEYER and
JOHN MYLANT,

                               Defendants.

: Case No. 17-cv-2541
: (VM)(HBP)

## FINAL JUDGMENT AS TO DEFENDANT HERINA AYOT

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Herina Ayot ("Ayot") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

### I.

### PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT

Ayot is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to employ any device, scheme, or artifice to defraud; (ii) to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Ayot's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Ayot or with anyone described in (i).

## II.

## PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT

Ayot is permanently restrained and enjoined from violating Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Ayot's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Ayot or with anyone described in (i).

2

## III.

## PERMANENT INJUNCTION AS TO
## SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

Ayot is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (i) to employ any device, scheme, or artifice to defraud; (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Ayot's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Ayot or with anyone described in (i).

## IV.

## DISGORGEMENT AND CIVIL PENALTY

Ayot is liable for disgorgement of $18,650, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,367.56, for a total of $21,017.56. Based on Ayot's sworn representations in her Statement of Financial Condition dated October 26, 2017, and other documents and information submitted to the Commission, however, the Court is not ordering Ayot to pay a civil penalty, and payment of all of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all of the disgorgement and prejudgment interest

is contingent upon the accuracy and completeness of Ayot's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Ayot's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Ayot, petition the Court for an order requiring Ayot to pay the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Ayot was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Ayot to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Ayot may not, by way of defense to such petition: (i) challenge the validity of the Consent or this Final Judgment; (ii) contest the allegations in the Complaint filed by the Commission; (iii) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered; (iv) contest the amount of disgorgement and prejudgment and post-judgment interest; (v) contest the imposition of the maximum civil penalty allowable under the law; or (vi) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Ayot shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

4

**V.**

## PENNY STOCK BAR

Ayot is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

**VI.**

## INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Ayot shall comply with all of the undertakings and agreements set forth therein.

**VII.**

## BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Ayot, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Ayot under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Ayot of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VIII.**

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of Ayot for the purposes of enforcing the terms of this Final Judgment.

5

## IX.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
_15 March_____, 20_18_

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record via CM-ECF

6