UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/18

SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

    v.

CSIR GROUP, LLC,
CHRISTINE PETRAGLIA,
HERINA AYOT,
THOMAS MEYER and
JOHN MYLANT,

         Defendants.

Case No. 17-cv-2541
(VM)(HBP)

## FINAL JUDGMENT AS TO DEFENDANT JOHN MYLANT

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant John Mylant ("Mylant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

### I.

### PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT

Mylant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to employ any device, scheme, or artifice to defraud; (ii) to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Mylant's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Mylant or with anyone described in (i).

## II.

## PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT

Mylant is permanently restrained and enjoined from violating Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Mylant's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Mylant or with anyone described in (i).

## III.

## PERMANENT INJUNCTION AS TO
## SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

Mylant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (i) to employ any device, scheme, or artifice to defraud; (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Mylant's officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Mylant or with anyone described in (i).

## IV.

## DISGORGEMENT AND CIVIL PENALTY

Mylant is liable for disgorgement of $6,100, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $774.36, and a civil penalty in the amount of $7,500 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Mylant shall satisfy this obligation by paying the total amount of $14,374.36, plus post-judgment interest as set forth herein, in four installments to the Commission. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-

judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of this Final Judgment.

The four installment payments shall be made as follows: (i) the first installment of $3,593.59 is due within 90 days after entry of this Final Judgment; (ii) the second installment of $3,593.59 is due within 180 days after entry of this Final Judgment; (iii) the third installment of $3,593.59 is due within 270 days after entry of this Final Judgment; and (iv) the final installment of $3,593.59 plus all accrued and outstanding post-judgment interest is due within 360 days after entry of this Final Judgment.  Prior to making the final payment set forth herein, Mylant shall contact the staff of the Commission for the amount due for the final payment.

If Mylant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Mylant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Mylant also may pay by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission", which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) referencing Mylant as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Mylant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the staff of the Commission. By making the payments, Mylant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

V.

**INCORPORATION OF CONSENT**

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Mylant shall comply with all of the undertakings and agreements set forth therein.

VI.

**BANKRUPTCY NONDISCHARGEABILITY**

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Mylant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Mylant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mylant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of Mylant for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
15 March, 2018

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record via CM-ECF

cc: John Mylant
7810 Chimney Terrace
Colorado Springs, CO 80920